```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
UNITED STATES OF AMERICA,                                               :
                                                                        :
                                    Plaintiff,                          :
                        -v-                                             :    22-CV-10148 (JMF)
                                                                        :
$5,379,876.94 IN UNITED STATES CURRENCY                                 :    MEMORANDUM OPINION
FORMERLY ON DEPOSIT IN SUNFLOWER BANK,                                  :        AND ORDER
N.A. ACCOUNT 1101996560, HELD IN THE NAME                               :
OF OFAC BLOCKED ACCOUNT MALOFEYEV,                                      :
                                                                        :
                                    Defendant.                          :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On February 7, 2023, Plaintiff Evgeny Ryzhov, proceeding without counsel, brought a civil action against three Defendants: (1) $5,379,876.94 in United States currency formerly on deposit in Sunflower Bank, N.A.; (2) Konstantin Malofeyev; and (3) Tsargrad TV. *See* 23-CV-1072, ECF No. 1. By Order entered March 16, 2023, the Court severed Ryzhov's claim against the $5,379,876.94 and directed that it be filed in this case. *See Ryzhov v. $5,379,876.94*, No. 23-CV-1072, ECF No. 8. The Court explained that it would treat this claim — filed in this case as ECF No. 11 — as a motion to reopen this case. *See* ECF No. 12.

Assuming *arguendo* that Ryzhov's motion is proper under Rule 60(b) of the Federal Rules of Civil Procedure — a dubious proposition — his motion fails on the merits substantially for the reasons set forth in the Government's opposition memorandum of law. Title 21, United States Code, Section 853 "sets forth the procedure by which third parties seeking to recover an alleged interest in forfeited property may obtain judicial resolution of their claim." *United States v. Ribadeneira*, 105 F.3d 833, 834 (2d Cir. 1997). A third party "must either (a) have an interest in the property that is superior to the criminal defendant's because it arose prior to 'the time of

the commission of the acts [that] gave rise to the forfeiture,' or (b) be a 'bona fide purchaser for value' of the property who was 'reasonably without cause to believe that the property was subject to forfeiture' at the time of purchase." *Pacheco v. Serendensky*, 393 F.3d 348, 353 (2d Cir. 2004) (internal citations omitted) (quoting § 853(n)(6)).  Ryzhov cannot and does not plausibly allege that he meets either requirement.  Indeed, at most, he would qualify as a potential judgment creditor, which does not provide a cognizable interest in the forfeited property.

      For the foregoing reasons, Ryzhov's motion to re-open is DENIED.  The Clerk of Court is directed to terminate ECF No. 11.

      SO ORDERED.

Dated: April 26, 2023
      New York, New York

                                                  JESSE M. FURMAN
                                                  United States District Judge